*DAUBLIN* vs. *MAYOR &c. OF NEW-ORLEANS.* Fall 1810. First District.

*Corporation may remove houses built in the streets.*

THE Plaintiff stated he was in possession of a lot of ground in the faubourg St. Mary, whereupon he had built a house and defendants sent the forçats or galley slaves, who pulled down and destroyed the house and drove off the plaintiff from the premises.

THE defendants admitted the demolition of the house by their order, but justified it on the ground, that it was a new house, and was built in one of the streets of the said faubourg. Issue being joined :

THE city-surveyor proved, that hearing that the plaintiff was building a house in the street he went on the premises, and drew the line of the street, on which he directed the plaintiff to place the house, at a time when three tiers of bricks only were laid. Nevertheless the plaintiff went on, and placed his house eighteen feet in the street.

SOME doubt arose on the accuracy of the line drawn by the city-surveyor, but the cause principally turned on the question whether admitting that the house was in the street, the defendants could lawfully demolish it.

*Duncan* and *Moreau* for the defendants. Any one may pull down or otherwise destroy a common nuisance as a new gate or even a new house erected on the highway. 3 *Bac. Abr.* 687.

AA

FALL 1810.
First District.

DAUBLIN
vs.
MAYOR OF N.
ORLEANS.

If one puts wood in the street before his house it is a nuisance. 3 *Com. Dig.* 28.

THE Corporation are by law authorised to make bye-laws for the regulation of the streets *Acts Leg. Co. p.* 15, and in pursuance thereto they have enacted, *Ord. Corp. p.* 87 that every house to be built should be erected on the line of the street, to be given by the city-surveyor, and that every building erected in the street should be demolished at the expence of the owner.

BY the 3 *part. lib.* 23. *tit.* 32. If a house be built on the street, or on the commons, the Corporation may destroy it. *Greg. Lopez's* note.

*Mazureau* and *Paillette* for the plaintiff. The authorities cited from *Bacon* and *Comyns* are evidence of the common law of England, but we are not in this territory regulated by that law.

THE ordinance of the Corporation cannot avail the defendants, because it is contrary to the Constitution of the U. S. and contrary to the laws of the territory, and their power to make ordinances is limited by their charter—their ordinances, when contrary to that constitution and those laws, are void.

THE laws of Spain as they were at the cession, are the laws of the territory, and every ordinance of the corporation repugnant thereto is void.

FALL 1810.
First District.

DAUBLIN
vs.
MAYOR OF N.
ORLEANS.

THE ordinance cited is contrary to one of the *Leyes del Ordonamiente Real*, *Ley.* 2. *lib.* 3, *tit.* 14. re-enacted in the *Recopilacion de Castilla*, *Ley* 1. *lib.* 4, *tit.* 13. to *Curia Philipica* 175 *Art :* 22.

THESE laws expressly provide that if the corporation of any city are disseised of any of their land, they shall bring suit therefore, and if they use force to regain possession they shall forfeit their title to the premises.

*By the Court*, MARTIN *J. alone.* There is no necessity to determine whether according to the laws of this territory a nuisance may be abated by any individual.

THE ordinance of the corporation is not repugnant to the constitution of the U. S. nor to any of the laws of the Territory.

THE Spanish Laws quoted by the plaintiff's counsel relate only to lands belonging to the corporation, as their private property.

STREETS are not the property of any one, they belong to the whole community. They are not the property of the corporation, for if they were the corporation could exclude the whole world from the use of them—on the contrary the use of them belongs to the whole world. They are *hors de commerce,* and cannot be the object of a contract of sale, *Pothier Contract de Vente* 13.

THEY have not seised the premises—they have only removed an obstruction—they have taken no possession.

FALL 1810.
First District.

WHETON
vs.
TOWNSEND.

THE 3d *partida* and the commentary of *Greg. Lopez* are authorities in point and accord with the Roman Law. *Curent autem.....Ædiles....ut nullus effodiat vias—neque construat in viis aliquid....si liber demonstretur ædilibus. Ædiles autem mulctent eum secundum legem, and quod factum est dissolvant ; Dig. lib.* 43, *tit.* 10.

JUDGMENT FOR THE DEFENDANTS.