## IN THE MATTER OF THE MERCHANTS BANK OF NEW ORLEANS.

Under the stat. of 6 April, 1843, sec. 2, the commissioners for the liquidation of banks were entitled to compensation at the rate fixed by that section, until superseded by the appointment of a liquidator under the stat. of 4 May, 1847. The salaries allowed by the stat. of 1843, were not limited to the period of four years, mentioned in sec. 25 of the stat. of 14 March, 1842.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Elmore* and *W. W. King*, for the appellant. *Schmidt, Lockett* and *Goold*, contrâ. The judgment of the court was pronounced by

Eustis, C. J.  In the act of 1842, under which the commissioners of this MATTER OF THE
bank were appointed, provision was made for their compensation, under the  MERCHANTS
condition that, in no case the compensation should exceed $3,000 a year. for   BANK.
each commissioner, for each and every year not exceeding four years, during
which the liquidation shall continue.  By an act of 1843, the yearly salary of
the commissioners of the banks in liquidation was reduced to $1,000 each,
free from the expenses of office and others, which were limited to $500 per
annum.

The commissioners of the Merchants Bank · were superseded by the ap-
pointment of a liquidator under the act of 4th May, 1847, and the commission
terminated as it existed under the laws of 1842 and 1843.

The liquidation of this bank has continued for more than four years, and is
not yet terminated.  The appeal is taken in this case by the liquidator under
the law of 1847, from a judgment allowing two of the commissioners their
salaries, at the rate of $1,000 per annum, up to the time of his entering on the
duties of his office.  The appellant objects to any allowance of salary beyond
the term of four years, fixed by the law of 1842 for the liquidation.  We can-
not say that, the construction given by the district. judge to the act of 1843 is
erroneous.                                            _Judgment affirmed._