<div style="margin-left">Riculfi<br>
v.<br>
Delacroix.</div>

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Bouney*, for plaintiff. *L. Janin*, for defendant. By the court:

SLIDELL, J. This appeal comes before us upon a confused and imperfect record. An examination of the case, under such circumstances, has not satisfied us that the appellants are entitled to a reversal of the judgment, or that injustice has been done.

We are clearly of opinion, that the assignment made by *Fuselier*, who was insolvent, which a portion of his creditors accepted, and under which *Blanchard* and *Rochereau* were appointed agents or assignees, was illegal on its face, inasmuch as it stipulated for an absolute discharge of the assignor, and excluded all those who would not sign such discharge, from any participation in the dividends. The assignees, and others, may have acted with good motives, with a belief that the assignment was best for all concerned, and in a natural spirit of indulgence to a very young man, who seems to have been the victim of the faults of others, and his own inexperience. But the assignment was in manifest violation of the wise policy of our laws, and cannot be sustained against the plaintiffs, lawful creditors at the date of its execution.

The confession of judgment in favor of *Rochereau et al.*, was illegally obtained, as against the plaintiffs. The point of non-joinder of the persons associated with the appellants, *Rochereau* and *Blanchard*, in that judgment, appears to us to come too late.

Judgment affirmed, with costs.

---

## MUNICIPALITY NO. THREE *v.* THE LEVEE STEAM COTTON PRESS COMPANY.

The acceptance of a dedication to the public, implied from *user*, is a deviation from the civil law proper, forced, as it were, upon courts, by the necessities of the country, and resting purely upon precedent. But when the dedication rests upon the naked acceptance for the public, whoever accepts must be clothed with the authority of the sovereign, or the acceptance is not binding.

The right to establish public places and to change their destination, is an attribute of sovereignty which the Legislature may delegate to corporations. The Legislature of Louisiana has delegated this power to the city of New Orleans, without reservation; under the grant, it is competent for the city government to accept a dedication of public streets, and equally competent for it to annul the acceptance before the streets have been opened, provided no vested right, acquired under the dedication, is affected by the change.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Roselius*, for plaintiffs.

*L. Janin*, for defendant. If the dedication was only inchoate, not followed by use, the council had undoubtedly the right to renounce it with the consent of the owner of the land, no rights being as yet vested in any one under the dedication. When a street has been laid out by a proprietor and accepted by the council, can it be pretended, that while it was still unopened and existed only on paper, and before any sales had been made of the property, the council could not, with the consent of the proprietor, alter its direction, if they found another direction more useful to the public? To deny this right, would be declaring, that municipal corporations have power to do harm, and that they are powerless to do good, and that they cannot correct their own errors, however palpable they might be, and though no one could be injured by the correction.

By the court:

ROST, J. The plaintiffs sue for the purpose of compelling the defendants to open, at their own expense and charge, certain streets, through the property over which the buildings and machinery of the cotton press are erected　The facts of the case are stated as follows, by the district judge in his opinion:

"In May 1831, *Madame Lalaurie* addressed a letter to the City Council of New Orleans, asking their approval of a plan, in accordance with which she proposed to convert a portion of rural property into urban property; a copy of this plan is annexed to the petition. On the 10th May, 1831, the council approved of the plan, and granted the requisite permission to open the streets designated therein. The plan appears to have been deposited in the archives of the municipality. On the 18th July, 1831, *Madame Lalaurie* again addressed a letter to the council, stating, that inasmuch as she had not been able to carry out her intention of converting her property into a faubourg, she requested that they would consider the proposition as not having been made, " de consider comme nonavenue la demande que je lui avais faite pour être autorisée à établir le faubourg Delphine." She also asked that they would pass a resolution to annul their previous action on the subject, in order that she might be able to dispose of her property to better advantage. This letter was acted upon, on the 22d of July, 1831. The council repealed the resolution of the 10th May, 1831, and authorized her to withdraw her plan, which was accordingly done. On the 26th July, 1831, the whole of the property designated on the plan, including three lots which had been sold to *Rabourn* and *Lefort*, were purchased by the defendants."

On the 10th April, 1833, the President of the Cotton Press Company, presented a plan of division of their property (being the same which they had purchased of *Madame Lalaurie*) to the council. This plan was approved and adopted, and the faubourg was laid off in accordance therewith. By this last plan, the spaces which the plaintiffs claim as public streets, were reserved for the cotton press; they had previously been built upon by the defendants, and have been in their private possession and use ever since.

On those facts, the main question which the case presents is, whether the city council could surrender the right to the opening of the streets represented in the first plan, as running through the property of the defendants? The appeal is prosecuted by the municipality, from a judgment recognizing that right.

It is not pretended that the streets were ever opened or used by the public, and it is conceded, that as soon as the ordinance, revoking the acceptance of the offer of *Madame Lalaurie*, was passed, the defendants purchased the property, and were permitted to erect upon it costly buildings and machinery, the removal of which over the places claimed for streets, would cause them an injury of $30,000, besides destroying the usefulness of the property as, a cotton press. But the plaintiffs contend, that the presentation of the plan was an offer to dedicate the streets to the public; that the approval of it by the municipality, is an express acceptance of the dedication, and that the dedication once made and accepted, could not be annulled by any subsequent act of the parties, but must remain in force, until the destination of the property is changed by the sovereign power of the State.

The rule that things *ultra commercium*, can only be brought back into commerce by the act of the sovereign, is the corollary of that elementary principle of the civil law, that the sovereign alone is competent to place things, which are in commerce *ultra commercium*, and the appellants are placed in the dilemma

MUNICIPALITY
No. THREE
*v.*
LEVEE STEAM
COTTON PRESS
COMPANY.

that if the dedication was not revoked by the second ordinance, for want of power in the city council, it was not, for the same reason, legally accepted by the first ordinance.

The acceptance of a dedication to the public, implied from *user*, is a deviation from the principle of the civil law, forced, as it were, upon courts by the necessities of the country, and resting purely on precedent; but when, as in this case, the dedication rests upon the naked acceptance for the public, whoever accepts must be clothed with the authority of the sovereign, or the acceptance is not binding.

The right to establish public places and to change their destination, is, like that of levying taxes, one of the attributes of sovereignty ; both are vested in the Legislature by the Constitution, and it may delegate part of those powers to corporations or individuals, if, in its opinion, the public interest requires it. Thus the power of taxation has been delegated to police juries, municipal corporations, school directors and others.

The power of opening, widening and continuing streets, was, in like manner, delegated to this city by the 19th section of the act of incorporation, and, under it, the plaintiffs had clearly the right to accept the streets offered by *Madame Lalaurie* through her property.

This delegation of power is made without any reservation, and the city government can do, under it, all that the Legislature has a right to do, in the opening of new streets ; it represents not only the city, but the public at large, and may revoke ordinances establishing new streets, until they are opened, if, in the exercise of its discretion, it ascertains that the opening of them would be injurious to the public interest; provided, however, that no vested right acquired under the dedication, is affected by the change.

There is another consideration dwelt upon by the district judge, which cannot fail to have great weight with all just men. It is, that the plaintiffs accepted the new plan offered by the defendants ; encouraged them to build and enlarge their cotton press, and that they and the public have slept twenty years upon their pretended right; the equity as well as the law of the case, is against them.

Judgment is affirmed, with costs.