Land vs. Smith et als.

---

## No. 318.

### THOS. T. LAND VS. ROBT. N. SMITH ET ALS.

44  931
52 2101

44  931
d111 122

44  931
117  750

The owner of land within the corporate limits of a town or city has the legal right to make it a suburb or subdivision of the town or city by dividing it into lots, blocks and streets, and to sell the same at private or public sale.

A sale of a lot bounded by streets is a dedication of the street to public use.

A plan or map by which property is sold binds vendor and vendee.

In a judicial partition each co-proprietor has a right to demand in kind his share of the property to be divided.

Land vs. Smith et als.

Co-owners of property can not be compelled to hold it in indivision. to await the
future speculative value of the property. They can not be compelled to hold
it in indivision and to contribute for its improvement. They can demand a
partition at any time.

APPEAL from the First District Court, Parish of Caddo.
Taylor, J.

*Land & Land* for Plaintiffs and Appelles:

1. The owner of land within the corporate limits of a town or city has the legal
right to make it a suburb or subdivision of the town or city, and the right to
have it surveyed into lots, blocks, streets and alleys, and to sell the lots sep-
arate from the streets at private or public sale. C. C., Art. 491 (483).

2. A sale of lots bounded by streets is a dedication of the streets to public use.
Dillon on Municipal Corporations, Vol. 2, p. 638, Sec. 640.

3. A plan or map by which property is sold forms a part of the title, and is bind-
ing on both the vendor and vendee. Canal Bank vs. Copeland, 6 La. 550; 3.
An. 1.

4. The advertisement of the property forms a part of the description, and binds.
both the vendor and vendee. Wm. Keay vs. New Orleans Canal and Banking
Company, 7 An. 259; Bruney vs. New Orleans Canal and Banking Company,.
12 An. 541.

5. A person who is present at a public sale, and is silent, or acquiesces in the sale,
or becomes a purchaser at the sale, is estopped from denying that the prop-
erty was sold as described in the advertisement, and according to a plan or
map of survey, as stated in the advertisement and read at the sale. See 1 Hen.
Dig. Evidence XII, f. 4, p. 512.

6. A mandatary under a special power must confine himself strictly within the
limits assigned to him, and those dealing with him must, at their peril, see that
he does not exceed his authority. Brown vs. Frantum, 6 La. 47; Ward vs. War-
field, 3 An. 468; C. C., Art. 3010 (2979).

7. An agent who acts without or beyond his authority does not bind his principal.
Menefee vs. Johnson, 2 R. 274; Ure vs. Currell, 4 U. S. 502; C. C. 3010 (2979).

8. In a judicial partition, each heir or co-proprietor has a right to demand in kind
his share of the property to be divided. C. C., Art. 1337 (1260).

9. The principle of equality, equity and justice in the partition in kind, of property
whatever may be its nature, is declared in the Civil Code in the following words:
There ought to be included, if possible, in each lot, the same quantity of mov-
ables and immovables, rights and credits of the *same nature and value*. C. C.
1365 (1287).

10. In a judical partition in kind, the law provides that the mortgages, liens and
privileges existing against one of the co-proprietors shall, by the mere fact of
the partition, attach to the share allotted to him, and cease to attach to the
shares of his co-proprietors. C. C. 1337 (1338).

*T. Alexander* for Defendant and Appellant:

Owing to the facts of the case, the partition should be by licitation. See Meyer vs.
Pargoud, 34 An. 969; Blakemore vs. Blakemore, 39 An. 804; Am. and Eng. En-
cyclopedia Law, Vol. 17, pp. 788, 789, Title Partition.

The opinion of the court was delivered by

McEnery, J.   Plaintiff sues for a partition of property within the corporate limits of the city of Shreveport, known as Silver Lake.

The property is owned in indivision by a number of proprietors in the proportions of one-twenty-fourth, one-twelfth, one-fourth and one-sixteenth. He prays for a partition in kind. His co-owners join in this demand, or make no opposition to it, except A. H. Leonard, who answers demanding a partition by licitation.   There was judgment rendered directing the Silver Lake tract to be divided in kind into four parts equal in quantity and value as near as practicable; one-fourth of same to be allotted to E. W. Smith; one-fourth to A. H. Leonard; one-fourth to R. W. Smith, W. L. Smith, J. S. Smith and E. A. Duval; one-fourth to T. T. Land, A. D. Land, J. R. Land and D. T. Land; that W. R. Deval, surveyor, make a survey of Silver Lake into four parts, equal in quantity and value as near as practicable; that an inventory and appraisement be made of said property after such survey, and that F. A. Leonard, notary public, be appointed to make of said property an inventory and appraisement after said survey, and to partition the same into four parts equal in quantity and value as nearly as practicable.   A. H. Leonard appealed.   The plaintiff and the other owners of the property pray for an amendment of the judgment so that the surveyor be ordered to survey Silver Lake tract into lots, blocks, streets and alleys, as it was described, advertised and sold at public auction, and was purchased by the parties to this suit, and to make and return a correct and accurate map of the survey to the recorder of the parish for registration in his office; and they further pray that the judgment, so far as it orders the notary public therein named to make an inventory and appraisement of the property, and afterward to make a partition of the entire tract into four separate parts or lots, be also amended, and the notary be ordered to make an inventory and appraisement of the lots as represented or shown on the map of the survey ordered by the judgment, and afterward to make a partition of the lots into four parts equal in quantity and value if possible, the inequality in the value of the lots, if any, to be compensated by means of a return of money.   In other respects, they pray that the judgment be affirmed.

All parties to this suit seem to agree that the partition as ordered by the judgment appealed from is impractical in execution.   The

partition in kind is the one contemplated by law, the exception being that when the property is not capable of being divided, or where a great loss or inconvenience to the proprietors would be the result, a partition by licitation must be resorted to.

The evidence in this case shows that the Silver Lake tract is speculative in value, and that its future value depends upon its thorough leveeing and drainage and reclamation from overflow. By a sale the present owners would lose its prospective value, which would inure to the purchaser who could hold it and improve it.

The testimony is, we think, conclusive that a public sale of the entire tract would result in great loss, the entire value of the tract, to the present owners. The argument urged by defendant, Leonard, that it would be to the advantage of the present owners to hold it in indivision and by co-operation reclaim the property, is without weight. No one can be compelled to hold property in common with another to await its speculative value, and certainly he can not be compelled to thus hold it and contribute for its improvement. He has a right to demand a partition at any time, and the only issue to be determined is whether or not it must be divided in kind or by licitation. The evidence is conclusive that the property can be divided in kind.

It is true, from the shape of the property and some portions being more valuable than others, that there is even in this division in kind difficulties to overcome in securing absolute equality among the co-owners. But there can be no doubt but that the loss and inconvenience would be less than by a public or private sale of the entire property.

The testimony shows that the property can be more equally divided and a nearer approach to equality reached by having it surveyed into lots, streets and alleys, and a division made from this survey.

The learned judge of the District Court refused to have it thus surveyed and divided, as it would be dedicating, without the consent of the owners, private property, streets and alleys to public use.

But this practically had already been done by the owners of the property.

There had been litigation in relation to the property and fees were due the attorneys, T. T. Land and A. H. Leonard, plaintiff and defendant. J. F. Utz was appointed the agent and attorney in fact

of the heirs of Smith, the owners of the property. The property belonged to them and they could do with it what they pleased, sell it or dispose of it in any form, mode or manner they desired, either in block or by dividing it into lots, separated by streets and alleys, in order to dispose of it by parcels or lots more readily.

They selected this latter mode, and authorized their agent, by power of attorney, to have the Silver Lake tract surveyed into town lots, and to sell the lots at private or public sale, and after deducting costs of survey and of the sale, to pay to their attorneys one-half of the remainder of the proceeds in payment of their stipulated fees.

The City Surveyor, Wm. R. Deval, was selected by the agent to make the survey, and in strict conformity to the instructions given the agent a map was made of the tract, showing the survey into lots, blocks, streets and alleys, corresponding with the survey of the streets in Shreveport at their intersection with the boundary lines of the Silver Lake tract. The map was accepted and approved by the agent, the heirs, the owners of the property and the attorneys. A real estate agent was employed to sell the property, at public or private sale, according to the map made by the surveyor.

It was advertised as divided into lots, blocks, streets and alleys. The agent and the attorneys agreed that in order to prevent a sacrifice of the property they would bid $30,000 on the first offering.

The defendant Leonard, one of the attorneys, for himself and other interested parties, bid the property in for the above sum, and it was adjudicated to the heirs and the attorneys—one-half to the heirs and one-half to the attorneys. They became owners of the property according to the description in the advertisement, and acquired it as laid off into lots, blocks, streets and alleys. Had other bidders appeared, and bid off each lot, they would have acquired certain lots in certain blocks, fronting on certain streets. After this sale the purchasers can not now deny and repudiate the description of the property advertised. The evidence discloses the fact that there has been some loss to the property in caving and washing into the Red river. Another survey, conforming as near as possible to the first, into lots, blocks, streets and alleys, is now necessary in consequence thereof.

We are of the opinion that the judgment appealed from, amended as prayed for by plaintiff and other co-owners of the property, will do substantial justice between the parties to the litigation.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to order the surveyor therein named to survey the Silver Lake tract into lots, blocks, streets and alleys, as it was described and advertised and sold at public auction, and purchased by the parties to this suit; and to make and return a correct and accurate map of his survey to the recorder of the parish of Caddo for registration, and in his office. And it is further ordered that the notary public mentioned therein, and ordered to make an inventory and appraisement of the property, make an inventory and appraisement of the lots as represented and shown by the map of the survey ordered by this judgment, and afterward to make a partition of the lots into four parts, equal in quantity and value if possible. The inequality in the value of the lots to be compensated by means of a return of money.

In all other respects the judgment is affirmed.