No. 13,936.

STATE OF LOUISIANA VS. ASA BURTON.

SYLLABUS.

1. The boundary line between Louisiana and Texas is along the middle of the Sabine river.

2. The courts of Louisiana have no jurisdiction of a crime committed on the Texas side of this line.

A PPEAL from the Twelfth Judicial District, Parish of De Soto— Lee, J.

*Walter Guion,* Attorney General, and *Amos L. Ponder,* District Attorney, (*Lewis Guion* of counsel), for Plaintiff, Appellee.

*H. T. Liverman,* (*James T. Polly* of counsel), for Defendant, Appellant.

The opinion of the court was delivered by

PROVOSTY, J.   The defendant was convicted of selling liquor without a license, and from a judgment overruling his plea to the jurisdiction, he appeals.   The case comes to us upon the following agreed statement of facts:

"It is agreed that the following is a statement of the facts in the cases pending in said court, Nos. 2453, 2454, 2462 and 2471, wherein the State of Louisiana is the plaintiff in each case, and Asa Burton is the defendant in each case, viz: That the defendant has anchored in the Sabine river a boat; that said boat is anchored and tied to the Texas bank of said river and is resting in the water of said river between 35 and 50 feet west of the center of said river on the Texas side of same and in Shelby county, Texas; that said river at said point where said boat is resting therein is a navigable stream.

"It is admitted that the defendant about the time stated in the information and indictments sold from said boat, located as before stated, spirituous and intoxicating liquors without first obtaining a license so to do from the Police Jury of De Soto parish, Louisiana, or any other lawful authority therein.

"It is admitted that the defendant has a license from the Internal

Revenue Department of the United States for Texas to sell spirituous and intoixcating liquors in Shelby county, Texas; that the only place where the defendant has sold spirituous and intoxicating liquors pursuant to said license is on said boat, located in said river as before stated and that the internal revenue license as aforesaid is posted and tacked up in said boat.

"It is further admitted that Shelby county, Texas, is prohibition, and that the boat on which whiskey was retailed was attached to the Louisiana shore by being directly attached to a gambling establishment by cable rope and the gambling establishment was attached to the Louisiana bank by a cable or rope and gang plank and located near the water's edge of the Louisiana shore; that said boat has a skiff rope to facilitate the travel by skiff from the Louisiana shore to the boat; that he sold whiskey to people from Louisiana, and is prosecuted for these sales; that the boat is located in the open river and not resting against the banks of the river; that the negro or negroes employed to wash bottles and glasses very often pull the skiff from the Louisiana shore to the boat, and back from the boat to the shore.

"It is admitted that Burton lives, sleeps and eats in Logansport, La.

"This agreed to as a statement of the facts as far as it goes, but reserves the right to State and defense to contest the difference between them not herein stated.

"(Signed)   AMOS L. PONDER,
                        "District Attorney.
"(Signed)   H. T. LIVERMAN,
"(Signed)   JAS. T. POLLY,
                        "Attys. for Deft."

It being admitted in this statement of facts that the boat of the defendant "is anchored and tied to the Texas bank of the Sabine river and is resting in the water of said river between 35 to 50 feet west of the center of said river on the Texas side of same and in Shelby county, Texas," and it being admitted further that the only place where the defendant has sold liquors is on said boat located in said river as before stated, we do not see how the plea to the jurisdiction can be contested. It cannot be contended that Louisiana courts have jurisdiction over Texas territory.

Sutherland on Stat. Constr., § 12.

That the middle of the Sabine river is the boundary line between Louisiana and Texas, see:—Act of Congress approved March 26th,

1804, and copied in Ray's Digest of the Statutes of Louisiana, Vol. 1, page 27. Treaty between the United States and Spain made in 1819. Act of Congress of July 5th, 1848. Act of the Legislature of Texas, approved Nov. 24th, 1849, which act is under and in accordance with the Act of Congress of 1848. Act of the Legislature of the State of Texas, approved August 26th, 1856. Decision of the Criminal Court of Appeals for the State of Texas in Spear vs. State, 8th Vol., page 467. Preamble of the Constitution of Louisiana of 1812. See page 31 of Ray's Digest of the Statutes of Louisiana, Vol. 1, page 31.

We do not see that the fact that the boat in question is tied to the Louisiana shore by means of a rope, and thereby made one, as it were, with a gambling establishment on the Louisiana shore—can make any difference in the matter. The jurisdiction of the Louisiana courts cannot be extended over Texas territory by means of a rope.

Nor do we see that Section 988 of the Revised Statutes of the State can have any application to the case. That section reads as follows:

"When any crime or misdemeanor shall be committed on the boundary of two or more parishes, or within one hundred yards thereof, or within one hundred yards of any other boundary * * *, it may be dealth with, inquired of, tried, determined and punished in either of the parishes in the same manner as if it had been actually and wholly committed therein."

Louisiana cannot extend the jurisdiction of her courts over Texas territory by act of her Legislature; so that the operation of the section must be restricted to territory within the State.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be set aside and that the plea of defendant to the jurisdiction be sustained and that the defendant be dismissed without day.