Nos. 23,400 and 23,401 and 23,402

**First Circuit**

COOK v. CITY OF OPELOUSAS

and

FENELON v. CITY OF OPELOUSAS

and

LEWIS v. CITY OF OPELOUSAS

(Consolidated Cases)

(December 22, 1925, Opinion and Decree)
(January 28, 1926, Rehearing Refused)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Dedication to .Public Use—Par. 1, 9, 10.**

No particular form of ceremony is necessary for the dedication of a street to public use. The dedication must be accepted, but it need not be by public act. If the street is used by the public as a street, the acceptance is complete, dating from the time such use commenced.

2. **Louisiana Digest—Dedication to Public Use—Par. 10, 14.**

Where a street has been accepted by public use as a street for the greater part of its length from time immemorial, this applies to the whole street, like corporeal possession of a tract of land, under title calling for an entire tract.

3. **Louisiana Digest—Petitory and Possessory Actions—Par. 48, 49.**

If a street is public, no individual by fencing and enclosing it can be regarded as having that possession requisite for a possessory action. See Civil Code, Article 454, 458 and 482.

4. **Louisiana Digest—Damages—Par. 13.**

One who after being notified to take his fences off the street, plants vegetables thereon, has no right to damages because the city removed the fences and exposed the vegetables to destruction by traffic.

Appeal from the Thirteenth Judicial District Court, Parish of St. Landry, Hon. B. H. Pavy, Judge.

Action by Mrs. Marie Cook, wife of Felix Taylor against City of Opelousas, and Frank Fenelon against City of Opelousas et al., and Cornelius Lewis against City of Opelousas. All cases consolidated. There was judgment for plaintiffs in all cases and defendants appealed.

Judgments reversed.

R. L. Garland and D. L. Guilbeau, of Opelousas, attorneys for plaintiff, appellee.

P. R. Sandoz, of Opelousas, attorney for defendants, appellants.

ELLIOTT, J.    These cases depend on the same law and facts. We will therefore consider them together; our opinion to apply to each.

Mrs. Marie Cook, wife of Felix Taylor, Frank Fenelon and Cornelius Lewis, each claim possession as owner of the lot or parcel of ground, described in their petition; situated in the City of Opelousas.

They allege that the City of Opelousas has, within the year, entered on their respective properties and evicted them therefrom. They each brought a possessory action against the city, praying to be restored to and maintained in their possession, and to recover the damages sustained by the removal of their fences and the loss of vegetables, etc.

Their petition describes their respective lots or parcels of ground, by reference to streets and adjoining properties; and in the titles, their property is described, as a rule, in the same way. In some instances their title states the number of their lot.

The title of Mrs. Cook, wife of Felix Taylor, describes her lot by its number; and in Frank Fenelon's chain of title his lot is some times described by number and by reference to the plan of Moore's Addition to the City of Opelousas.

The city, in answering the petition of Marie Cook, wife of Felix Taylor, admits her ownership and possession of a lot, as stated in her petition, and alleges that it is, in fact, lot No. 27 on the plan of Moore's Addition to the town of Opelousas. Further alleges that her lot had been bought by said number and with reference to said plan. The disturbance and eviction alleged by her is denied; and the allegation made, that the western boundary of her lot has been arbitrarily and unlawfully extended for a distance of 35 feet into Cane street, obstructing said street.

In answer to the petition of Frank Fenelon, the city admits his ownership and possession of a lot or parcel of ground, as stated in his petition; but alleges that his lot is not correctly described in his petition or title; that his parcel of ground is, in fact, lot No. 25, on the plan of Moore's Addition to the town of Opelousas that his lot had been originally bought with reference to said plan. The disturbance and eviction alleged by him is denied; and the allegation made that the boundary of his lot had been arbitrarily and unlawfully extended for a distance of 20 feet into Cane street, obstructing said street.

In answer to the suit of Cornelius Lewis, the city admits his ownership and possession of a lot of ground, as stated in his petition, but alleged that his lot is not correctly described in his petition or titles; that his property is, in fact, the eastern portion of lots Nos. 13 and 18 on the plan of Moore's Addition to the town of Opelousas; that his lots had been originally bought with reference to said plan. The disturbance and eviction alleged by him is denied; and the allegation made that the eastern boundary of lot No. 18 has been arbitrarily and unlawfully extended for a distance of 20 feet into Cane street, obstructing same.

The city, in its answer to the suit of Marie Cook, wife of Felix Taylor, and to that of Fenelon and Lewis, alleges that they do not and have never had possession of Cane street. That the city had, by

ordinance, decided to open said street, and had notified each of the plaintiffs to take off their fences enclosing the street; but that each of them had refused to do so, and planted vegetables, etc. That the city removed their obstructing fences and opened the street. That it had the right to open the street. That Cane street was a public street, dedicated to the town of Opelousas and the public, as a town street, by William Moore in an act of sale to Baptiste Brunet, dated June 10, 1822, and had been duly accepted as such by public use.

That the plaintiffs had each committed themselves to the street, by purchasing their respective properties with reference thereto; and were each estopped to deny the existence of the street. That plaintiffs having disregarded the notices to take their fences off the street, could not recover damages resulting from the removal of their fences, etc.

The district judge rendered judgment in favor of the plaintiffs as prayed for in their petition, and condemned the city to pay $150.00 damages in each case.

The city appealed.

## OPINION

The record shows that on June 10, 1822, William Moore sold and delivered to Baptiste Brunet "the six lots Nos. 25, 26, 27, 28, 29 and 30, forming one body, between four streets, designated on a plan deposited in the office of the present notary, etc. And it is well understood that the vendor is only obligated to donate the said streets dividing and surrounding the said lots, according to the plan noted above", etc.

This title has been on record for more than one hundred years.

The original plan of Moore's Addition to the town of Opelousas, referred to in this act, has been lost and no certified copy is extant; but the fact that Moore's Addition to the town of Opelousas was sold out by lots duly numbered, and with reference to streets bearing names and in conformity with this plan, is as certain, as it is, that there was an addition to the town, of that name.

The plan is referred to in so many old titles in the record, that its existence at that time can not be doubted. Lost ancient public documents of that kind, can be reconstructed from the conveyance records, by skillful abstractors.

Roy D. Edwards is shown to have made a careful abstract of the conveyance records of the Parish of St. Landry, for the purpose of identifying the property of the plaintiffs on said plan; and also the location of same with reference to Cane street. He established by his evidence the identity of the property of Marie Cook, wife of Felix Taylor, as lot No. 27; and that of Frank Fenelon, as lot No. 25; and that of Cornelius Lewis, as lot No. 18; and on said plan, the names of the four streets, whereby they were surrounded, and one of these streets is Cane street.

The lot claimed by Marie Cook, wife of Felix Taylor, is identified with the plan, by her chain of title offered in evidence on the trial.

The testimony of Mr. Edwards is not questioned by any witness, and is supported by the titles in the record.

The plaintiffs refer to a map made by L. E. Littell, as a map of the City of Opelousas. Mr. Littell does not testify concerning this map as found by the lower

court. He very carefully states in his evidence, that the may made by him does not show the unopened streets.

The evidence shows that there are unopened streets in the City of Opelousas. As the Littell map, according to Mr. Littell, does not indicate streets that had not been opened at the time it was made, and. as Cane street had not been opened at the time it was made, from Laurent street to Madison street, it has no bearing, except that it shows Cane street as a public street of the city. It does not show lots Nos. 18, 25 and 27, but titles in the record and the testimony of Mr. Edwards shows that Cane street bounds lot 18 on the east; and lots Nos. 25 and 27 on the west; and that Cane street has the same length as Oak and Academy streets, and terminates at Madison street.

The evidence shows that the lot belonging to plaintiff Lewis forms the corner of Laurent and Cane streets. That lot No. 25, belonging to plaintiff Fenelon, forms the other corner of Laurent and Cane streets; and the lot No. 27, belonging to plaintiff, Mrs. Taylor, forms the corner of Cane and Madison streets. Cane street is bound to be one of the streets referred to in the title from Moore to Brunet; and it has been open and in public use as a town street, for the greater part of its length, as long as any of the other streets in Moore's Addition to the town of Opelousas; but not between South and Madison streets.

The district judge, in his written opinion, speaking of this says:

"There is no evidence showing clearly that this street was ever dedicated at this point. On the contrary, the old sale by William Moore to Baptiste Brunet, shows that he sold lots of certain dimensions, and he gave to the purchaser, Brunet, the right to place streets at his will.

This was not a dedication of Cane street, at that point. It has never been opened, never been used by the city, never been recognized as a street, and under these circumstances, the city had no right to take forcible possession of the plaintiffs' property."

It is shown by titles in the record, subsequent to the one from Moore to Brunet, that the Fenelon and Lewis lots have been generally sold by reference to contiguous properties, and without mentioning any streets; and that Cane street, between South and Madison streets, has been inclosed so long that nobody could remember when it was open at that place; but that fact does not destroy Cane street, from South to Madison street.

It is not claimed by plaintiffs that Cane street has been abandoned by ordinance of the City of Opelousas, between South and Madison streets. Their claim is that this part of Cane street was never dedicated to the public, and used as a public street.

The title from Moore to Brunet is a sufficient dedication of Cane street from Laurent to Madison street; which is that part of it, which the district judge holds has never been dedicated, used, opened or recognized as a street.

The title from Moore to Brunet, called for and has reference to four streets as a boundary of lots 25 and 27 from Laurent to Madison streets; and the location of lots Nos. 25 and 27 clearly shows that one of these streets can be none other than Cane street.

As for the manner and form of the dedication it is well settled.

"That no particular form or ceremony is necessary for the dedication of a street to public use. The dedication must be ac-

cepted, but it need not be by public act. If the street is used by the public as a street, the acceptance is complete, dating from the time such use commenced."

Municipality No. 2 vs. Orleans Cotton Press, 18 La. 122; City Council of Lafayette vs. Holland, 18 La. 286; Carrollton Railroad Co. vs. Municipality No. 2, 19 La. 62; Ross vs. Garlick, 10 Rob. 365; City of Lafayette vs. Preston, 3 La. Ann. 382; Municipality No. 3 vs. The Levee Steam Cotton Press Company, 7 La. Ann. 270; Sarpy vs. Municipality No. 2, 9 La. Ann. 597; Burthe vs. Fortier, 15 La. Ann. 9; Cane vs. Hart, 18 La. Ann. 560; Wainwright vs. Bridges, 19 La. Ann. 244; City of Baton Rouge vs. Bird, 21 La. Ann. 244; McNeil vs. Hicks and Howell, 34 La. Ann. 1090; Land vs. Smith, 44 La. Ann. 931, 11 South. 577; State vs. Burton, 105 La. 516, 29 South. 970; Flournoy (City of Monroe) vs. Breard, 116 La. 224, 40 South. 684; Handlin vs. City of New Orleans, 121 La. 565, 46 South. 652; to which we add City of Shreveport vs. Walpole, 22 La. Ann. 526; Sheen vs. Stothart, 29 La. 630; Iseringhausen vs. Larcade, 147 La. 515, 85 South. 224, cited by defendant.

The evidence shows that Cane street has been accepted by public use as a street for the greater part of its length from time immemorial. Its open public use for the greater part of its length, like a corporeal possession of a part of a tract of land, under title calling for an entire tract; constitutes acceptance for its entire length as indicated on the plan by which it was created. Therefore no part of Cane street, has been at any time susceptible of private ownership and plaintiffs and their authors, no matter if they have had it fenced and enclosed, can not be regarded as having that possession of it, requisite for a possessory action, Civil Code, Arts. 454, 458 and 482. Daublin vs. Mayor of New Orleans, 1 Mart. (O. S.) 185; City of Baton Rouge vs. Bird, 21 La. Ann 244; City of Shreveport vs. Walpole, 22 La. Ann. 526; Sheen vs. Stothart, 29 La. Ann. 630; Lafitte vs. City of New Orleans, 52 La. Ann. 2099, 28 South. 327.

They were notified to take their fences off the street, but they instead kept it under fence and planted vegetables; knowing that the city proposed to open the street. Therefore they have no right to any damage because the city in removing their fences to the extent that same obstructed the street, exposed to loss the vegetables they had planted, after getting the notice.

The judgment of the district court in each case is therefore erroneous and must be reversed and judgment in favor of the city as prayed for in its answer.

For these reasons the judgment appealed from in the case entitled Mrs. Marie Cook wife of Felix Taylor vs. City of Opelousas et al., No. 23,400 on the docket of the district court is annulled, avoided and set aside. The damages claimed by plaintiff Marie Cook, wife of Felix Taylor, is refused and rejected. It is further adjudged and decreed, that Cane street is a public street of the City of Opelousas, its entire length as indicated on the plan of Moore's Addition to the town of Opelousas and from North street to Madison street. That the City of Opelousas had the right to remove plaintiff's fence from said street and open the street to its proper width as provided on said plan. That the plaintiff and appellee pay the cost in both courts.

————

ELLIOTT, J. In this case for the reasons stated in the suit No. 23,400 this day decided, the judgment appealed from herein is annulled, avoided and set aside

and the demand of the plaintiff Cornelius Lewis is refused and rejected.

It is further adjudged and decreed that Cane street is a public street its entire length and as indicated on the plan of Moore's Addition to the town of Opelousas. It is further decreed that the City of Opelousas had the right to remove plaintiff's fence from said street and open the street to its proper width as provided on said plan.

That plaintiff and appellee pay the cost in both courts.

———

ELLIOTT, J.    In this case for the reasons stated in the suit No. 23,400 this day decided, the judgment appealed from herein is annulled, avoided and set aside and the demand of the plaintiff, Frank Fenelon, is refused and rejected.

It is further adjudged and decreed that Cane street is a public street its entire length and as indicated on the plan of Moore's Addition to the town of Opelousas. It is further decreed that the City of Opelousas had the right to remove plaintiff's fence from said street and open the street to its proper width as provided by said plan.

That plaintiff and appellee pay the cost in both courts.