No. 3324.

CHARLES MORGAN *v.* G. LOMBARD.

The mere fact that for thirty or forty years the public was permitted to pass over a certain piece of land, would not of itself constitute the place a *locus publicus*. The property which is the object of this litigation has never been dedicated to the public, nor has any expropriation taken place. Therefore it remains private property.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Leovy, Monroe & Hart,* for plaintiff and appellee. *E. Bermudez* and *J. Meunier,* for defendant and appellant.

LUDELING, C. J. The plaintiff, alleging that the passage or alley running from the Bayou road to Columbus street is a public thing, injoined the defendant from fencing it or obstructing the use of it by the public. The defendant claims that the property belongs to him. There was judgment in favor of the plaintiff against the defendant, decreeing the alley to be a *locus publicus* and for $500 damages. The defendant has appealed.

There is no evidence in this record of an intention on the part of the owners of said land to dedicate it to public use. The mere fact that for thirty or forty years the public was permitted to pass over this ground, would not of itself constitute the place a *locus publicus*. But we think there is evidence to negative the idea of an intention on the part of the owners to dedicate the property to the public. 3 An. 282; 16 An. 404; 15 An. 316; 10 An. 81; C. C. 762, et seq.

In 1800, Antonio Ramis sold to Pablo Cheval one arpent and one hundred and forty-one feet on Bayou road by three arpents deep. On

the twentieth March, 1822, Cheval caused a plan of this land to be made, and he sold the same to Chevalier Coulon de Villiers. On this plan figures the strip of land in question, and it is marked, "Chemin appartenant aux héritiers Castanedo."

In 1823, Chevalier C. de Villiers sold this property to Tala. It is described as being on the Bayou St. John road, measuring one hundred feet fronting the bayou, and running back three arpents deep "attenant du coté du bayou, et par derrière, aux terres des héritiers de feu Joseph Castanedo."

There is parol evidence to show that this was a private road, originally used by the proprietor to haul wood, and that at different periods he had temporarily closed it. It also appears that it was always considered by the family of Castanedo and his neighbors that the road was private property, and it was inventoried as such when Castanedo died.

This property has never been dedicated to the public, nor has it been expropriated; therefore it remains private property.

It is therefore ordered and adjudged that the judgment of the lower court be annulled, and that there be judgment dissolving the injunction. It is further adjudged that the defendant is the owner of the property in question, and that he have judgment against the plaintiff for the sum of $250 as damages, and for costs in both courts.

Rehearing refused.