PELEG BROWN, App't, *vs.* DISTRICT OF NARRAGANSETT.

WASHINGTON—DECEMBER 22, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Abatement of Nuisances.  Appeal from Town Council.*

An appeal does not lie from the order of the district council of the District of Narragansett, under the provisions of Gen. Laws R. I. cap. 91, § 1, relative to the abatement of nuisances.

The proceedings contemplated by said chapter are summary in their nature, and the statute, being intended to promote the health and safety of the community, should be so construed as to make it immediately effective.

The subject-matter of the chapter is one connected with the internal police and administrative government of the district, over which the General Assembly has given exclusive jurisdiction to the district council.  Gen. Laws R. I. cap. 248, §§ 1 and 4, do not apply to a proceeding of this sort. *Harrington* v. *Board of Aldermen,* 20 R. I. 233, distinguished.

(2) *District Councils and Town Councils.*

The district council of the District of Narragansett has the same powers as town councils in the several towns of the State.

APPEAL from an order of the district council of the District of Narragansett, sitting as a board of health, whereby certain premises were declared to be a nuisance, which was ordered to be abated under the provisions of Gen Laws R. I. cap. 91.  Heard on exceptions of appellant to the ruling of the Common Pleas Division dismissing the appeal for want of jurisdiction.  Exceptions overruled.

TILLINGHAST, J.  The only question raised by the petition for new trial in this case is whether an appeal lies from the order of the district council of the District of Narragansett, sitting as a board of health, whereby certain premises in said district were declared to be a nuisance, which was ordered to be abated in the manner specified in said vote.

(2)  It is pertinent to observe that said district council has the same powers as town councils in the several towns of the State.  Pub. Laws R. I. cap. 710, passed March 22, 1888.  See *State* v. *District of Narragansett,* 16 R. I. 424.

(1)  The action of the council was had under and by virtue of Gen. Laws R. I. cap. 91, § 1, which is as follows: "The town

council of any town may order the owner or occupant of any premises in such town to remove at his own expense any nuisance, source of filth, filth, or cause of sickness found thereon, within twenty-four hours, or such other time as the town council may deem reasonable, after the service of the notice as prescribed in the next succeeding section ; and if the owner or occupant neglects so to do, he shall be fined not exceeding twenty dollars for every day during which he knowingly permits such nuisance, source of filth, filth, or cause of sickness, to remain after the time prescribed for the removal thereof, to be recovered to and for the use of the town."

The appellant, who is one of the persons ordered by the vote of said district council to abate the nuisance in question, took an appeal from said order to the Common Pleas Division, where, upon motion of the appellee, it was dismissed on the ground that no appeal lies from such an order. The appellant excepted to the ruling, and claims a new trial on the ground that it was erroneous.

We think the ruling was correct. Neither the section of the statute under which the council acted, nor any other section of said chapter, provides for or contemplates an appeal from such an order. The proceeding is evidently intended to be summary, and in order to be effectual it necessarily must be so. For to permit a nuisance to exist until an appeal could be tried, together with such further proceedings in connection therewith as might be had, might seriously endanger the health and lives of an entire community. Suppose the small-pox or some other contagious or infectious distemper should break out in any house or family in a town, and the town council should order the infected persons to be confined in the house or be removed to the hospital provided for such cases, in accordance with Gen. Laws R. I. cap. 94, §§ 16 and 17 : could it be contended for a moment that an appeal would lie from such an order, and that the party against whom the order ran would have the right to a jury trial, with all the delays incident to such a proceeding? The mere statement of such a contention shows its utter absurdity. Almost as well might one claim an appeal from an order of the fire de-

partment to destroy a building during a fire in order to prevent the spread of a conflagration in a city or thickly settled community.   Prompt and vigorous action in cases affecting the health of the community is frequently of the very highest importance, and statutes intended to promote the health and safety thereof should be so construed, if possible, as to make them immediately effective.   "The matter in question," as said by this court in *Walsh* v. *Town Council*, 18 R. I. 88, "is one connected with the internal police and administrative government of a town over which the General Assembly has given exclusive jurisdiction to the town council."

The appellant relies on *Harrington* v. *Board of Aldermen*, 20 R. I. 233.   The statute under which the proceeding in that case was had, however, applies only to the city of Providence, and hence has no bearing upon this case.   Appellant also cites Gen. Laws R. I. cap. 248, §§ 1 and 4.   These sections have no application to a proceeding of this sort.   See *Walsh* v. *Town Council, supra.*

Petition for new trial denied, and the decree entered by the Common Pleas Division affirmed.

*Conley & Cronin*, for appellant.
*A. B. Crafts*, for appellees.