## No. 13,887.

### MARY EARL TAYLOR CALHOUN vs. THE TOWN OF COLFAX.

#### SYLLABUS.

Where streets and lots and blocks appear on the map of an incorporated town, a
donation of the lots and blocks by an act wherein they are designated sim-
ply by the numbers they bear on the map, operates a dedication to the pub-
lic of the streets on which the lots and blocks abut.

APPEAL from the Thirteenth Judicial District, Parish of Grant—
Blackman, J.

*White & Thornton,* for Plaintiff, Appellant.

*John A. Williams,* for Defendant, Appellee.

The opinion of the court was delivered by

PROVOSTY, J.  This suit involves the right of the Town of Colfax to
open for public use certain streets figuring on the map of the town.
The town notified plaintiff to remove her fences from these streets, and
plaintiff countered by this suit, enjoining the town from trespassing on
her land.

Plaintiff claims that the alleged streets are not streets but part and
parcel of her land.  The defendant town avers that the streets in ques-
tion have heretofore been dedicated to the public, and that plaintiff is
not owner of them.

Plaintiff's only title is by donation from her mother, Mrs. Calhoun. In the act evidencing this donation the property given is stated to be lots and blocks in the town of Colfax. The lots and blocks are not otherwise designated or identified than by number. The numbers are not expressly stated to be those of the town map, but they are such in point of fact, and would otherwise be absolutely meaningless.

Such a description is as specific as a description can be, and by specifically including only the lots and blocks it specifically excludes the streets. Hence, the streets did not pass to plaintiff; and unless the donor, Mrs. Calhoun, retained them to herself, they passed to the public by dedication. It is inconceivable that Mrs. Calhoun should have retained ownership of this network of streets, therefore the inference is irresistible that she dedicated the streets to the public. The law is well settled that "a sale of lots with reference to a plat showing a subdivision, defining streets, squares, etc., or describing lots as bounded by streets, will amount to an immediate and irrevocable dedication of the latter binding upon both vendor and vendee." Dillon on Municipal Corporations, 3rd Ed., Vol. 2, par. 640; Lafitte vs. City of New Orleans, 52 Ann. 2099. A conveyance by donation must be held to have the same effect as a sale, the underlying principle being the same.

Furthermore, the streets in question had been dedicated to the public previous to this donation to plaintiff. Mrs. Calhoun herself, the donor, had acquired under a description by lots and blocks; and in the deed to her not only the lots and blocks are expressly stated to be those of the town map in question, but the map is expressly stated to be official.

Plaintiff's counsel have pressed with great force the argument that the description by lots and blocks was resorted to merely for convenience, and that the above mentioned transfers were intended to be by area. The argument may apply to a certain act of partition also relied on by the town to show dedication, but when applied to the act of donation it goes against the plain facts.

Judgment affirmed.