(38 South. 551.)

No. 15,238.

CALHOUN v. FARALDO (TOWN OF COLFAX, Intervenor).*

(Jan. 4, 1905.)

EJECTMENT—TITLE TO LAND—EXPROPRIATION.

1. This court decreed that the streets of the town of Colfax are free from any claim of ownership. Calhoun v. Town of Colfax, 29 South. 887, 105 La. 416.

2. Front street is one of the streets of that town, with the width similar to other streets.

3. The lot in possession of defendant never was in public use, and is not subject to a public servitude.

It is owned by plaintiff to the outer line of Front street.

(Syllabus by the Court.)

Action by C. E. P. Calhoun against H. B. Faraldo. The town of Colfax intervened. Judgment for plaintiff was reversed by the Court of Appeal, and C. E. P. Calhoun applies for writ of certiorari or writ of review. Reversed and original judgment amended and affirmed.

William Cullen Roberts, for applicant. John Alexander Williams, for respondent Town of Colfax.

*Rehearing denied April 10, 1905.

BREAUX, C. J. Plaintiff lost her suit before the Court of Appeal, and the judgment she had obtained before the district court was in consequence reversed.

She seeks in this application to have the judgment of the district court reinstated as legal, and to have the judgment of the Court of Appeal decreed null and illegal.

Faraldo, the defendant, is in possession of the property as licensee of the town of Colfax, it seems. Plaintiff is opposed in her suit by the town of Colfax, intervenor.

The real issue is between plaintiff and intervenor. The defendant, Faraldo, takes no interest in the title, as he only claims the right of possession. The contention of the town of Colfax is that the property in controversy has been expropriated, that it was dedicated to public use, or that plaintiff has acquiesced in the use by the public. This view was sustained by the Court of Appeal, and it was further held by that court that plaintiff in the district court, and applicant here, has no title to lands situated within the limits of the town of Colfax.

The parish of Grant was created by Act No. 82, p. 79, of 1869. In the year 1872 the police jury took steps and instituted proceedings to have 21 acres of land expropriated at the place designated for the parish seat of Grant, known as Colfax. The owners of the land were years ago the heirs of Mary C. Calhoun and Meredith Calhoun.

They, in writing, expressed their willingness to this expropriation, provided they were paid the value of the land.

It does not appear that an expropriation was made in due form, although some steps were taken to that end.

The issue presented is whether the land claimed by plaintiff, consisting of a small strip of land between the Red river's edge and block 32 of the town of Colfax, is the property of plaintiff.

The intervention of the town of Colfax sets up substantially that the land in question is part of the front street of the town; that it was dedicated to public use by W. S. Calhoun and his sister Mrs. M. Ada Lane, descendants of Meredith Calhoun and wife, and that it was recognized by them as public property.

Plaintiff and applicant here, who was the wife of W. S. Calhoun, in 1887 bought five-sixths of the property at sheriff's sale in the suit of W. S. Calhoun v. Mrs. M. Ada Lane, she being transferee of the judgment therein; and the property is the same which was acquired by Mrs. Lane in a partition between herself and R. S. Cameron and Ludlow Mc Neely, and furthermore is a part of the Mary Ann Dupre Spanish grant, lying in the southern part of this grant, and subsequently she bought the other one-sixth of the property from Thorpe and Peterman. One of intervenor's contentions is that plaintiff has no title to the land.

Unquestionably plaintiff bought the whole tract from these just-named vendors, who were the owners of the whole of the tract of which the land in controversy forms a part.

She became by purchase the owner of a good and valid title, as shown by said deed of record, all in valid form, and affording no ground for contestation. The question of ownership of the land being settled, we take up the remaining question before us for decision—whether the land has ever been expropriated, or if it has not been expropriated, then whether it has ever been dedicated to public use.

With reference to the expropriation claimed by defendant, the evidence fails to show that there has ever been anything of the kind done. There were steps taken to expropriate, as before stated, but that was all. The record does not disclose that they were followed up to judgment.

There is no evidence in writing of an expropriation, and nothing to prove that the value of the land sought to be expropriated

was ever paid. The verbal testimony upon the subject does not prove that the land was ever expropriated. We refer to the land occupied by defendant, situated between Front street of the town and the edge of the river.

True; however, that this court decided that "she dedicated the streets to the public." Calhoun v. Town of Colfax, 105 La. 416, 29 South. 887. We do not understand that this includes the land of intervenor, in so far as it does not extend over into Front street.

The decision cited refers to the town of Colfax proper. The lots were sold by plaintiff, as we held in the decision cited. We decided that with it was necessarily transferred the public streets of the town. The decision covers all the streets of the town, including Front street.

The question is whether the street—Front street—extends to the Red river, or to the usual width of streets in the town. The testimony is conflicting. We think that the street is of the usual width of the streets of the town.

Colfax, being a modern town, has the advantage of having straight streets of equal width. It was physically a square town when surveyed after its incorporation. Its squares are of equal dimensions, with streets on every side. Front street, to the extent that it is of equal width with the others, is a public street; and plaintiff has no more claim to it, as relates to width, than she had to the others which were recognized as public in the decision cited supra. It follows inevitably that we do not agree with the proposition that would countenance plaintiff, to quote from the brief, as owner of all lands in applicant's lot lying between the river's edge and block 32 in the town of Colfax. But she is the owner of all that part of the lot which does not cover the width of Front street.

We held in the cited case that:

"Mrs. Calhoun herself, the donor, had acquired under a description by lots and blocks;

and in the deed to her not only the lots and blocks are expressly stated to be those of the town map in question, but the map is expressly stated to be official."

We have no disposition to change that ruling, which must be held binding between plaintiff and intervenor. Moreover, it cannot be that those who laid off the city omitted the Front street. The official map in question shows the contrary. There was a street in front. Its width is the only question.

We have noted that the property was transferred to plaintiff in 1888. It is not contended that plaintiff has ever at any time recognized any right in the town of Colfax to any part of the lot of ground in controversy.

Prior to the date of transfer to her, it is urged that the husband of the person from whom she held the land which embraced the land in controversy, as well as other lands, made certain declarations favorable to an extension of Front street to the edge of Red river. There is not a particle of evidence to prove that he was the agent of his wife, or that he was authorized to represent her. About the time he was a sufferer with dementia, and has since died. We pass his testimony as insufficient to establish any title of land.

It is said that the husband of plaintiff and brother of Mrs. Lane, who also at one time had some sort of interest in this land, made declarations favorable to the town's claim.

We have not found that he was in any way interested as owner at the time that these declarations are said to have been made.

Moreover, there is positive testimony to the effect that this brother, the late W. S. Calhoun, always claimed that the land in question was not owned by the town.

Plaintiff, and, while her husband lived, he also had their dwelling on the river side of the land. It is not probable that they dispossessed themselves of their home. We note that there is a town in embryo adjacent to Colfax, named "Acmeville." Part of the lot

claimed by plaintiff and in possession of Faraldo extends beyond the outer line of Colfax, on the front of Acmeville, in front of a lot identified by the letter "Y" in one of the rough sketches of survey. Intervenor has not the shadow of a claim to the part in front of Acmeville, and to that extent, whatever may be the result as to the remaining part, intervenor cannot recover judgment. We annex a rough sketch of the plat.

True, plaintiff has recognized Front street, and is bound by that recognition, as it was reduced to writing and is part of the public record. There is not a particle of evidence going to show that, in thus having recognized that street, she admitted it extended to and included the property in defendant's possession which was years ago a part of a Spanish grant which extended to the river, and to which plaintiff traces her title.

We do not pass upon the question of servitude to the river front, for it is not before us for decision.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal in this case is avoided, annulled, and reversed.

It is further ordered, adjudged, and decreed that the judgment of the district court, which the judgment of the Court of Appeal reversed, is amended by recognizing the right of the town of Colfax to Front street, measuring 60 feet, and, as thus amended, it is affirmed and made the judgment of this court.

Plaintiff to pay the costs in the district court incurred by her in the intervention of the town of Colfax against her.

In other respects the costs of appeal to the Court of Appeal and the costs of this court are ordered to be paid, as relates to the intervenor, by the intervenor, and, as relates to the defendant, by the defendant.