(40 South. 684.)

No. 15,760.

FLOURNOY (CITY OF MONROE, Intervener) v. BREARD.

(March 12, 1906.)

1. DEDICATION—STREETS—PLAT FILED.

Where a survey has been made of an intended "addition" to a city, and a plat drawn showing the division into squares and lots as surveyed, and the streets by which they are bounded, and this plat is filed in the clerk's office by the owner of the "addition," and the lots are sold by him described as bounded by public streets named, laid out in the survey and marked on the plat, it then becomes evident that it was the intention of the owner to dedicate these streets to public use, and he is bound by this dedication. He cannot, after having sold a number of lots as per survey and map, claim ownership of a portion of the streets.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Dedication, §§ 34–47.]

2. SAME—LINES ON PLAT.

Nearly all the lines drawn on the maps were solid lines, except lines indicating streets on which two of the lots bounded. They were dotted instead of solid lines.

3. SAME.

It cannot be presumed that the streets which they marked were not dedicated to the public use, as well as the others indicated by solid lines.

4. SAME—EVIDENCE.

The portions of the street claimed by defendant passed to the public.

(Syllabus by the Court.)

Appeal from Sixth Judicial District Court, Parish of Ouachita; Luther Egbert Hall, Judge.

Action by Thomas E. Flournoy against D. A. Breard, Sr. The city of Monroe intervened. Judgment for plaintiff, and defendant appeals. Affirmed.

E. Tyler Lamkin, for appellant. Hudson, Potts & Bernstein, for appellees.

BREAUX, C. J. This suit was brought by plaintiff for judgment against defendant to compel him to open certain streets "in Breard's Extension," which plaintiff alleges were dedicated to public use, and to compel him to remove obstructions thereon.

The following are the facts which have given rise to the controversy:

Defendant owned a tract of land adjoining to and east of Monroe, of which a survey was made in 1891; a plat was prepared of this survey. It was filed in the clerk's office of the parish of Ouachita, and a copy of it is part of the record now before us.

Some time after this plat had been filed, defendant Breard sold a lot to plaintiff, Flournoy, within the extension of the city of Monroe, known as "Breard's Addition."

The description of the lot thus sold was taken from the plat in question. Front street, Bres avenue, and Walnut streets are streets by which this lot is bounded.

The deed of sale as relates to description contains the following:

"The vendor to open the extension of said Walnut street when said Flournoy shall demand same."

116 LA.—8

Plaintiff alleges in substance that his purpose in buying this lot was to construct thereon a residence for himself and family. He avers that he has built the residence and has resided on the lot since a number of years. He says he bought this lot with special reference to the streets, and more particularly the street leading from his residence to the business center of Monroe. He further states that defendant bound himself to open Walnut street whenever called upon.

The testimony shows that defendant Breard opened the street known as Walnut, having a width of 60 feet.

This street is adjacent to and east of plaintiff's lot.

He also opened with the same width Bres avenue on the south of and adjoining plaintiff's lot, and extending it from Front street to Walnut street.

Plaintiff avers substantially that defendant did not open all the streets which he bound himself to open, and, for his convenience, time had been granted by plaintiff to him to open these streets, which he had obtained in accordance with an understanding that he would open them when called upon; that when he was called upon to open the street he refused.

About eight years after plaintiff had bought the first lot he bought a second lot adjacent to the first, bounded by streets named in the deed and in the plat of survey before mentioned.

In addition to the deeds under which he holds, plaintiff introduced in evidence a number of authentic acts in which defendant had repeatedly recognized the streets bounding plaintiff's lot and the lots of other persons. The complaint is that these lots were not all opened although recognized by defendant as streets.

Defendant's contention is that he has open-

ed Walnut street, and that that is all that he is bound to do.

He controverts the plaintiff's right of action and traverses the allegations of plaintiff's petition.

The city of Monroe filed an intervention in which she averred that she is interested in protecting streets and avenues. She specially alleges that the streets that are now being obstructed by defendant have been dedicated to public use.

The defendant answered the intervention and averred that the city is without interest and reiterated that the streets of the addition are not public, at least to the extent claimed.

Plaintiff and intervener here filed an answer, after the three days within which to file an appeal, asking for an amendment of the judgment. They prayed that the judgment of the lower court be amended so as to decree that all the streets and avenues be opened.

Before taking up the discussion we will state the difference between the right claimed by plaintiff and that claimed by defendant. We insert a diagram that may assist in showing in what the difference consists.

Plaintiff sets up a right to the use of Walnut street in a northernly direction from Louisville avenue between squares 77 and 78 of the "addition," and extending to the property of Mrs. E. M. Hudson and Second street, between squares 78 and 79, and extending in a northernly direction to the Hudson property, and prays that Bres avenue be extended from Front street northernly beyond lot 83.

We abbreviate from the judgment of the district court: Bres avenue, to the eastern boundary of Second street, was the corporate limits of the city of Monroe. "Walnut street to be opened from Louisville Avenue North to the south boundary line of the Hudson property," and Second street from "Louisville Avenue North to the northern boundary line of Bres avenue and the corporate limits of Monroe." They are declared public streets of the city of Monroe.

The exception of no cause of action gives rise to the first question that presents itself for decision.

We are of opinion that plaintiff had a cause of action and that defendant's exception was properly overruled.

In this connection we deem it enough to state that defendant is bound to comply with the terms of the deed to plaintiff. If he, as alleged, obstructs the streets with fences and other obstructions, and seeks to exercise other rights of ownership an action lies against him to compel him to remove the obstructions and to prohibit him from exercising dominion over streets which he consented to open and to be made public in an agreement with plaintiff. He stands in opposition to plaintiff's claim. If plaintiff's demand be legal its legality can be recognized contradictorily with defendant, who contends that it is not public and is his property.

It necessarily follows from the foregoing that plaintiff has a cause of action.

This brings us to the merits.

Plaintiff bought the lots in question with reference to a survey and plat showing subdivisions of the addition.

The boundaries of the lot are to consist, as marked on the plat, of large, well laid, and inviting streets, and some of these streets are referred to on the plat as being avenues; a name suggestive of shapely elms, branching oaks, and inviting shade.

To the extent that streets are included as public streets under the terms of the agreement they should not be restored to private use.

Moreover, it has been repeatedly decided that an owner who sells property bounded by his own land which he refers to as a public street is bound by that declaration. It has been often held that by thus establishing a boundary it is an evidence of his intention to dedicate the street to public use.

Here there can be no question upon the subject for the plat fully sets forth the streets. This plat contains no ambiguity; shows no intention of retaining the ownership over the streets, while selling the adjacent properties to the street.

Defendant's brief informs us that he filed the plat in the clerk's office. This, we take it, is conclusive and determinative of the issues.

The defendant further states that the streets which he intended to be public are shown on the plat of survey by heavy unbroken lines, while the space around the squares which he did not intend to dedicate to public use is designated by broken dotted lines.

The plat shows that this is true about the lines. There are certain dotted lines on the plat, but these lines are not of themselves indicative of the intention not to dedicate these streets to public use. They do not import the meaning defendant attaches to them. The dotted lines, as well as the solid lines mark streets.

The district court has decreed that the streets to which defendant laid claim must be opened. That includes that portion which is within the limits of the city.

As relates to the city of Monroe, that was the extent of her interest at the date of the trial. It appears that her corporate limits have been extended since the trial. The action extending the limits at a subsequent date to the trial can have no bearing. It is a post litem act which cannot be taken into account. The case had been heard, tried, and closed. The plaintiff had no further ground of complaint. All the rights which the defendant attempted to deny to him are recognized.

We infer from the brief that all the streets are unobstructed save those which defendant claimed and which the judgment appealed from decrees shall be opened. We, in consequence, are not of the opinion that the prayer of appellee filed here for an amendment of the judgment appealed from should be granted.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed.