Iiis Honor, EMILE GODCHADX,
rendered the opinion and decree of the Court, as follows:
■ Plaintiff, the Town of Kenner, seeks to establish- that a portion of ground situated in what was formerly known as Hanson City but now comprised within the corporate limits of the town of Kenner, was dedicated to public use as .a park by the Hanson City Land Company, Ltd., the founder of Hanson 'City. This company has been called in warranty by defendant, who is in possession claiming title by purchase from said -company.
■ It appears that in 1894 the Hanson City Land Co., Ltd., caused to be made and placed of record a plat of a large tract of land which it owned, naming the sub-division “Hanson City.” The property was divided into streets, boulevards and squares and the squares sub-divided into lots, each square and lot being duly numbered and each street or boulevard named, and the dimensions of the lots, streets or boulevards being specified.
*469 Not so, however, with regard to the property in controversy, for it is not numbered at all, nor divided into lots as are the other squares, nor is there any specification of dimension. It is designated upon the map “Hanson City Ry. Park,” and independently of this, the general treatment of the space, with a gradually widening way or walk cut through it, dividing it into two triangular plots, conveys to the eye at once the impression of a park. Upon one side it is bounded by “Park Street,” and another boundary is Louisiana Boulevard, upon which latter street there existed and still exist the tracks and-station of the Yazoo & Mississippi Yalley Railroad Company.
The Hanson City Land Company by private sale as well as at public auction then proceeded to sell the lots with particular and specific reference to the plat and its recordation, and has succeeded in disposing of nearly all of its holdings by this method.
Meanwhile, however, it apparently neither exercised, performed nor claimed any right or act of ownership or possession with respect to “Hanson ‘City Ry. Park,” until 1914 when,'after a lapse of nearly 20 years, it executed an act of sale of this property to defendant herein.
The word “Park” appearing upon the recorded plat of the sub-division, means primarily a public and not private park to the same degree that the word “street” under like circumstances signifies a public thoroughfare and not a private way.-
City of New Orleans vs. Carrollton Land Co., 131 La., 1094.
Town of Winton vs. Lyons. 131 La., 674.
The destination of the space as a park is emphasized by the adjacent street being “Park Street,” and the *470 testimony, in this connection, to the effect that the Company designated the street “Park” in honor of an employee of that name is immaterial, as the ordinary meaning of the word is to be considered and not the peculiar or special sense in which it was used by the company.
Livaudais vs. Municipality No. 2, 16 La., 509.
And moreover the use of “ Hanson-'City” in the title of the square clearly suggests a municipal or public and not-a private ownership, interest or use.
But-it is claimed that the presence of the word “By.” or “Bailway” materially affected the meaning of the title and clearly manifested an intention on the part of the warrantor to reserve to itself this property in order that it might thereafter sell or dónate it to the Yazoo & Mississippi Valley Railroad as a private park adjacent to its station.
But, as we have heretofore remarked, the title must be considered as a whole and its interpretation governed by the ordinary meaning its language conveys and not by the latent intention of the warrantor. And thus considered it manifestly evidences a purpose to dedicate and not to reserve, and the sole significance that would readily attach to the word “By.” would be that this particular- park derived its distinguishing title from its proximity to'the railroad.
Flournoy vs. Breard, 116 La., 224.
The remaining defense is that there has been no valid dedication because it is neither averred nor proved that that dedication has been accepted by or on behalf of the public -or the municipality.
Upon the question of the necessity of such acceptance, it has for some time been the settled jurisprudence that, with respect to streets, the recordation of a plat of a sub *471 division upon which such streets are shown, followed by sales of lots in said sub-division according to the plat, constitutes in itself an immediate and irrevocable dedication of the streets to the public, no act of acceptance, formal or otherwise, being required.
Burthe vs. Fortier, 15 A., 9.
Sheen vs. Slothart, 29 A., 630.
Land vs. Smith, 44 A., 932.
Lefitte vs. City of N. O., 52 A., 2099.
Calhoun vs. Town of Colfax, 105 La., 416.
Flournoy vs. Breard, 116 La., 224,
And this doctrine, so well established as to streets, has recently been held applicable to parks under like circumstances.
Town of Vinton vs. Lyons, 131 La., 674.
City of N. O. vs. Carrollton Land Co., 131 La., 1094.
The judgment of the trial Court was against plaintiff and it must be set aside. As to the demand in warranty, the defendant and the warrantor are coappellees and we are consequently unable to adjudicate upon their rights. Moreover, since the sale to defendant comprised several parcels of ground, for a lump price, the extent of the warrantor’s liability with respect to the property in question cannot presently be determined.
The judgment is accordingly set aside and reversed and it is now decreed that that certain portion of ground located in what is or was formerly known .as Hanson City, now part of the Town of Kenner, and bounded by Park Street, Farrar Avenue, Maryland Avenue, and Louisiana Boulevard,. according to the recorded plat of Hanson City, be and is hereby recognized and declared public property with the right of custody and administration *472 vested in the Town of Kenner; and it is further decreed that defendant, Frank Zito, deliver up said property to the public and vacate same and that be pay the costs of both Courts.
Opinion and decree, June 12th, 1916. .
Application for rehearing made and pending, June 26th, 1916.
Reversed.