No. 3272

Second Circuit

----

TOWN OF PINEVILLE v. YATES

----

(June 28, 1928.  Opinion and Decree.)

----

*(Syllabus by the Editor)*

1. **Louisiana Digest—Dedication to Public Use—Par. 6, 8, 9.**

Where a street was open to and used by the public for many years and the adjacent property was sold with reference to the street, no formal act of dedication being necessary, it must be held that the street belonged to the town.

2. **Louisiana Digest—Dedication to Public Use—Par. 9, 12.**

Where the adjacent property owners not only stood by and saw the town authorities work the street but requested them to do so, they cannot object to pay for the paving of side walks assessed against them by city ordinance.

Appeal from the Ninth Judicial District Court, Parish of Rapides. Hon. R. C. Culpepper, Judge.

Action by Town of Pineville against Daniel T. Yates.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Lamar Polk, of Alexandria, attorney for plaintiff, appellee.

T. A. Carter, of Alexandria, attorney for defendant, appellant.

ODOM, J. By virute of the authority conferred by Act No. 147 of 1902 and amendments, the municipal authorities of the Town of Pineville paved the sidewalk along the north side of what is designated in the ordinances as Singer street and assessed the cost thereof against the owners of the property abutting said street.

The defendant owned two lots abutting said street, and his proportionate part of the cost was fixed by ordinance at $189.19. Upon his refusal to pay the amount the town brought this suit.

The defense is that the so-called Singer street is nothing more than a private alley and owned by this defendant and other property owners, and that the town, in laying the sidewalk, trespassed upon his private property over his verbal and written protest, and that he is not liable for the cost of the paving; that said street was never dedicated to the public use, never acquired by the city by prescription or otherwise; and that the town had no authority in law to lay the sidewalk and assess the cost against his property.

There was judgment for plaintiff and defendant appealed.

## OPINION

The right of the town authorities to build sidewalks along the public streets is not disputed, nor are the proceedings leading up to and the assessment of the cost contested.

But it is contended that this is not a public street. Plaintiff concedes that it had no right to lay sidewalks, except along public streets and alleys, and assess the cost thereof against the property owners.

The only question presented, therefore, is whether this is a public street.

The Town of Pineville did not acquire the street by expropriation, formal donation or purchase, and it could not acquire title to the same by prescription alone. The mere use by the public over a long series of years of a passageway over private property by sufferance or tolerance of the owners of the land will not convert a private road into a public highway or street.

Morgan vs. Lombard, 26 La. Ann. 462; Torres vs. Falgoust, 37 La. Ann. 497; Shreveport vs. Drouin, 41 La. Ann. 872, 6 So. 656; Bomar vs. Baton Rouge, 162 La. 342, 110 So. 497.

Therefore, if this is a public street it became so by dedication of it to the public by the owners of the property over which it passed and its acceptance by the town.

There was filed in evidence a plat or map of the Town of Pineville which bears this legend:

"Approved by resolution of the town council of Pineville, La., this the _____ day of October, A. D. 1903."

Signed by the mayor, the three members of the town council, and attested by the clerk.

This map or plat shows Singer street extending from Hardtner street to Ball street, a distance of approximately 760 feet.

41 La. App.

The plat shows that the Methodist and the Episcopal cemeteries are adjacent to the street on the south along its entire length, with the property of Barbier, Singer and one other on the north.

There is also in evidence a later map or plat of said town which bears this certificate:

"I hereby certify that this plat is a true copy of a part of the map of Pineville made by me dated October, 1926, and adopted as official map of that town. (Signed) "H. J. Daigre, "Ph. Surveyor."

This plat also shows Singer street located as above stated.

While these maps show that they were approved and adopted by the town, they do not show that they were ever approved by the adjacent property owners.

The testimony does show, however, that said street, as designated on the plats, has been open and used by the public for many years, possibly as far back as 1892.

The testimony shows further that the street has been worked and partially kept up by the town just as the other streets for about thirty-one years. During a portion of that time, however, the town had not the funds with which to keep the street in perfect order and as a consequence the adjacent property owners and others who had occasion to use it raised funds by private subscription with which to keep it in repair. There seems to have been an effort all along by the adjacent property owners and others to have the street kept up and worked as a public street.

The defendant testified that he himself had gone before the town council and had done all he could to get the street graveled. He recognized it as a public street as did others who owned property adjacent thereto. He was asked:

"Mr. Yates, what was the nature of your objection to the working of this street by the town?"

He said:

"I am glad you asked that. The street is very narrow. It's too narrow. We bought the property back there, we tried to build up homes, and the little narrow street—too narrow. We wanted to build up good homes and have a good street in front. The way it is, it's too narrow, and every time they run a plow back there and what they call working and loosening the dirt, and every time it rained it washed it out, and I objected every time this class of work was done."

He was speaking of the work done by the town. He was asked if he would have objected if the street had been worked according to his ideas, and he said:

"I tried to get some assistance from numerous parties in the town of Pineville so we could have built that street mutually. If it had been that way we wouldn't have objected."

He said he told the mayor and members of the board of aldermen that he intended to get a petition signed by the property owners asking that the street be graveled, and that his only objection to the sidewalk was that it did no good.

Mr. Frank, who owns property fronting on the street, went with defendant to the town authorities, asking that the street be graveled by the town.

The testimony shows that the street now called Singer street was formerly called Second or Back street and Cemetery street.

The property which defendant owns abutting said street was acquired by him under two separate acts of sale, the description in one being as follows:

"A certain piece, parcel or lot of ground, being, lying and situated in the town of Pineville, Rapides parish, Louisiana, and described as fronting on Cemetery street or road 100 feet and extending back between parallel lines four hundred (400) feet more or less, bounded north by property of Dan T. Yates, South by Cemetery street or Road, east by Church street, and west by property now or formerly belonging to the Barbier estate."

The other lot is described as follows: "described as having a front of 100 feet on Second or Back street (This is the same as Singer street) of said town, which runs in the rear of the Episcopal and Methodist cemeteries; said lot running back in parallel lines a distance of 220 feet, bounded north by land of Singer, south by Francois Barbier and public graveyard."

The "public graveyard" referred to as being south of the property is not the Episcopal and Methodist cemeteries, which are across the street, but is a small plot of ground on the upper side of and adjacent to the street, marked on the plat as "Paupers Cemetery, claimed by M. Church."

Singer street does not run east and west but runs north, 39 degrees east. The Barbier property is adjacent to this public cemetery. The Barbier property and the public cemetery which, in the latter deed are said to be south of the property sold, are therefore not in fact south of it but southwest.

In oral argument it was stated that one piece of defendant's property extended across Singer street and adjoined the Episcopal and Methodist cemeteries. But by reference to the plats and that part of the deed which recites that the property has a front of "100 feet on Second or Back street," it is perfectly clear that the vendor did not intend to sell the space occupied by the street, as counsel would seem to have us hold.

It is patent, we think, that the vendors in each of the deeds, and the defendant, the vendee, intended to make the edge of the street the boundary of the property, thereby recognizing the street as laid out and shown on the plats. This seems to have been the attitude of the other property owners.

Subsequent to defendant's purchase of the property he built a fence along the edge of the street as laid out. The sidewalk built by the town is between the fence and the street.

Defendant therefore has no ground of complaint, as he gets and holds all the property he bought. The town in building the sidewalk did not trespass upon his private property, as he alleged.

Our conclusion is and we hold that this street has been irrevocably dedicated to the public, accepted by the town, and is therefore a public street.

No formal act is necessary in order to dedicate private property to public use. But in cases where there is no formal act of dedication, it must appear that the parties intended to dedicate their property for public purposes. That the adjacent property owners intended to so dedicate this street and that the same was destined as such by them, is clear from the record. The street had been open and used by the public for many years. The property owners wanted a public street there for the benefit of their property. The property owners and others appealed to the town authorities to take it over and keep it up; they stood by for years and saw the town keep it up as it did other streets, not in perfect condition but to the extent that the public fisc warranted; and finally the property which this defendant owns

was sold with special reference to the street.

In Calhoun vs. Town of Colfax, 105 La. 416, 29 So. 887, it was held that:

"describing lots as bounded by streets will amount to an immediate and irrevocable dedication of the latter, binding upon both vendor and vendee."

As early as 1866 our Supreme Court held, in the case of Picket et al. vs. Brown et al., 18 La. Ann. 560, that no deed or act of conveyance is necessary to dedicate immovable property to the public and that such dedication may be inferred from facts and circumstances which leave no reasonable doubt upon the mind of the intention of the owner to make such dedication.

In the very recent case of Bomar vs. City of Baton Rouge, 162 La. 342, 110 South. 497, it was held that mere silence of the owners and their failure to protest against the use of their property for public purposes does not amount to an assent to the dedication, but the Court said:

"An entirely different situation might be presented if said owners had stood by and without opposition permitted the public authorities to lay out the road and to work the same as a public road."

In the case at bar the property owners not only stood by and saw the town authorities work the street, but they requested them to do so.

For the reasons assigned, the judgment appealed from is affirmed with costs.